Opinion issued March 29, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01155-CR

———————————

Laquinta D. Joseph, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 208th District Court

Harris County, Texas



Trial Court Case No. 1172327

 



 

MEMORANDUM OPINION

Appellant, Laquinta D. Joseph, pleaded guilty to the offense
of murder, without an agreed recommendation from the State as to punishment. SeeTex.
Penal Code Ann. § 19.02 (West 2011).Appellant and the State agreed,
however, that appellant’s punishment would not exceed twenty-five years’
confinement. After a presentence investigation,
the trial court assessed punishment at twenty-five years’ confinement. The
trial court certified that this is a plea bargain case but that appellant has
been given permission to appeal. Appellant timely appealed.

Appellant’s appointed counsel on appeal has filed a motion to
withdraw, along with an Anders brief
stating that the record presents no reversible error and therefore the appeal
is without merit and is frivolous.See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

An attorney has an ethical obligation to refuse to prosecute
a frivolous appeal. In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a
case to be wholly frivolous, her obligation to her client is to seek leave to
withdraw. Id. Counsel’s obligation to
the appellate court is to assure it, through an Anders brief, that, after a complete review of the record, the
request to withdraw is well-founded. Id. If
we agree that the appeal is wholly frivolous, we will grant counsel’s motion to
withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). If
we conclude that arguable grounds for appeal exist, however, we will grant the
motion to withdraw, abate the case, and remand it to the trial court to appoint
new counsel to file a brief on the merits. See
Bledsoev. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Here, the record reflects that
counsel delivered a copy of the brief to appellant and informed herof her right
to examine the appellate record andto file a response. See Schulman, 252 S.W.3d at 408. More than 30 days have passed, and
appellant has not filed a pro se response. 

Counsel’s brief meets the Anders
requirements by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S.Ct. at
1400; see also High v. State, 573
S.W.2d 807, 812 (Tex.Crim.App.1978). Counsel supplies us with references to the
record and provides us with citation to legal authorities. Counsel indicates
that she has thoroughly reviewed the record and that she is unable to advance
any grounds of error that warrant reversal.See
Anders, 386 U.S. at 744, 87 S.Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).

          We
have independently reviewed the entire record, and we conclude that no
reversible error exists in the record, that there are no arguable grounds for
review, and that therefore the appeal is frivolous. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400; Garner, 300 S.W.3d at 767 (explaining that frivolity is determined
by considering whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826-27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether the appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155. Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so. See Garner, 300 S.W.3d at 767. An
appellant may challenge a holding that there are no arguable grounds for appeal
by filing a petition for discretionary review in the Court of Criminal Appeals.
See Bledsoe, 178 S.W.3d 827 & n.6.

          We
affirm the trial court’s judgment and grant counsel’s motion to withdraw.[1]Attorney,Patricia
Segura, must immediately send the notice required by Texas Rule of Appellate
Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.SeeTex.
R. App. P. 6.5(c).

PER
CURIAM

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish. Tex. R. App. P. 47.2(b).











[1]           Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex.Crim.App.2005).